## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Center for Reproductive Rights<br>199 Water Street,<br>New York, N.Y. 10038;<br><br>National Women's Law Center<br>11 Dupont Circle, N.W.<br>Suite 800<br>Washington, D.C. 20036<br><br>        Plaintiffs<br><br>v.<br><br>U.S. Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>        Defendant. | Case No.  18-1688 |

## COMPLAINT
### (Freedom of Information Act)

Plaintiffs, the Center for Reproductive Rights ("the Center") and the National Women's

Law Center ("NWLC"), bring this action against Defendant, the U.S. Department of Health and

Human Services ("HHS") to compel compliance with the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552.

As further alleged below, Plaintiffs have sought certain information from HHS that is

directly relevant to Plaintiffs' shared mission to ensure patient access to the full range of care,

including reproductive healthcare, and vigorous enforcement of federal civil rights laws.

Plaintiffs are particularly concerned about how a new division within HHS's Office of Civil

Rights operates, how it is allocating resources, whether and how its decision making is

influenced by outside groups, and why it was needed in the first place.  Defendant has not

claimed that the requested information is subject to any FOIA exceptions or privilege and has not advanced any other reason why it should not be disclosed.  Despite the clear statutory requirement that an agency respond to a FOIA request within 20 days, and despite Plaintiffs' repeated inquiries, Defendant has failed to provide a final determination or produce any documents in response to either of Plaintiffs' two related FOIA requests—the first made January 26, 2018, and the second made March 5, 2018.  Plaintiffs seek to compel Defendant to comply with its obligations under FOIA and promptly produce the requested records.

Plaintiffs further allege as follows:

## PARTIES

1.      Plaintiff, the Center for Reproductive Rights, is a 501(c)(3) non-profit corporation incorporated under the laws of the State of New York and headquartered at 199 Water Street, New York, NY 10038.  The Center for Reproductive Rights is dedicated to using the power of law to advance reproductive rights as fundamental human rights around the world. It is the only global legal advocacy organization dedicated to reproductive rights, and its litigation and advocacy has played a key role in expanding access to reproductive health care around the world.

2.      Plaintiff, the National Women's Law Center, is a nonpartisan, 501(c)(3) non-profit corporation incorporated under the laws of the District of Columbia and headquartered at 11 Dupont Circle, N.W., Suite 800, Washington, D.C. 20036.  Since 1972, NWLC has worked to protect and advance the progress of women and their families in core aspects of their lives, including income security, employment, education, and reproductive rights and health, with an emphasis on the needs of low-income women and those who face multiple and intersecting forms of discrimination.  NWLC uses the law in all of its forms—working to make sure laws and policies are in place to help women and families, enforce laws that already exist, advance legal

positions in courts, and conduct campaigns and public awareness efforts to educate and mobilize the public to press for policy changes to improve women's lives.

3.      Defendant, U.S. Department of Health and Human Services, is an agency of the United States Government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  HHS is headquartered at 200 Independence Avenue, S.W., Washington, D.C. 20201.  HHS has possession, custody, and control of the documents that Plaintiffs seek in response to the FOIA requests.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.      Because Defendant failed to comply with the requirements to respond set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiffs have constructively exhausted their administrative remedies and are entitled to proceed with this judicial action pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

6.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

7.      As the United States Supreme Court has recognized, "the basic purpose of the FOIA is to open agency action to the light of public scrutiny."  *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976).

8.      Accordingly, Plaintiffs submitted two FOIA requests to HHS to obtain records that will be used to further Plaintiffs' shared mission of advancing reproductive rights.

A.      **JANUARY 26, 2018 FOIA REQUEST**

9.      On January 26, 2018, the Center and NWLC jointly filed a FOIA request (the "January 26 Request") with HHS seeking records relating to certain complaints filed with the HHS Office for Civil Rights.

10.     A true and correct copy of the January 26 Request is attached as Exhibit A.

11.     After failing to receive a written response from HHS, the Center contacted HHS to inquire about the status of the January 26 Request and was provided tracking number 201800196.  On February 21, the Center emailed HHS requesting written confirmation of receipt of the January 26 Request.

12.     Government Information Specialist Garfield Daley responded to the Center's email on February 22 confirming that Plaintiffs' request "was logged-in and it was forwarded to the Office for Civil Rights (OCR) to perform a search for responsive records."

13.     In a letter from HHS to the Center dated February 22, HHS acknowledged that it received the January 26 Request on January 29 and assigned it Request Number 2018-00512-FOIA-OS.

14.     The letter further stated "[w]e have initiated a search to locate records falling within the scope of your request" and "FOIA requires that we respond to your request within 20 working days of its receipt in this office."  HHS also stated that if it determined that the request required "extensive search and examination, [HHS] staff will contact you shortly to discuss your willingness to modify your request."  HHS further stated that it would "utilize a 10 working day extension to process your request" if the request required records from "components and/or field offices external to this office" and due to the "established policy of 'first in, first out' case processing."

15.     A true and correct copy of the February 22, 2018 letter from HHS is attached as Exhibit B.

16.     On March 15, the Center emailed Garfield Daley at HHS requesting a status update on the January 26 Request.  The email stated "from our count, the 20-day statutory period and the 10-day extension period has run as of March 14, 2018."

17.     On March 20, Daley and the Center spoke on the telephone regarding the status of the January 26 Request.  Daley relayed that he requested a status update from HHS OCR.  The Center followed up later that same day via email reiterating that "we would appreciate it if you could pass the update onto us as soon as possible, along with any information on who would be the contact within HHS OCR for follow-up."

18.     On April 11, the Center called Daley to inquire about the status of the January 26 Request.  Daley responded by email on April 19 stating "I have reached out [to] the Office for Civil Rights (OCR) and I am waiting for that office to provide me with an update in regards to the office search for responsive records."

**B.     MARCH 5, 2018 FOIA REQUEST**

19.     On March 5, 2018, the Center and the NWLC filed a related request (the "March 5 Request"), which was identical to the January 26 Request except that it sought records dated after January 29, 2018.

20.     A true and correct copy of the March 5 Request is attached as Exhibit C.

21.     The March 5 Request was filed as an addendum to the January 26 Request in order to obtain any responsive records created between the date of receipt of the January 26 Request, which HHS marked as January 29, and the March 5 Request.

22.     The March 5 Request asked that "the release of records pursuant to the previous request (Request Number 2018-00512-FOIA-OS) not be contingent on or delayed due to the processing of this request, and vice versa. We ask that all records pursuant to each request be provided as soon as they are available."

23.     In a letter from HHS to the Center dated March 6, HHS acknowledged that it had received the March 5 Request on March 5 and had assigned it Request Number 2018-00678-FOIA-OS.

24.     Despite assigning the March 5 Request this separate Request Number from the January 26 Request, the March 6 HHS letter also stated that "[t]his is a second request with Transaction #2018-00512-FOIA-OS."

25.     A true and correct copy of the March 6 letter from HHS is attached as Exhibit D.

26.     On May 17, the Center left a voicemail for Daley requesting an update on the FOIA requests.  On May 23, the Center emailed Daley to follow up on the voicemail, again requesting "any updates on our FOIA request since our last communication in April."

27.     On May 30, Daley responded via email "I have reached out to OCR and I am awaiting [sic] for them to get back to me with an [sic] status."

## C.     HHS' FAILURE TO RESPOND

28.     Pursuant to FOIA, within 20 business days of receipt of Plaintiffs' January 26 Request—that is, no later than February 27—HHS was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiffs' appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

29.     Pursuant to FOIA, within 20 business days of receipt of Plaintiffs' March 5 Request—that is, no later than April 2—HHS was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiffs of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiffs' appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

30.     To date, Plaintiffs have received no further response from HHS related to either the January 26 Request or March 5 Request.

31.     HHS has not made a final determination on the January 26 Request or March 5 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT I - FAILURE TO COMPLY WITH FOIA - JANUARY 26 REQUEST

32.     Plaintiffs incorporate each of the foregoing paragraphs of this Complaint.

33.     Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiffs have a statutory right to access requested agency records.

34.     HHS has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) for the January 26 Request.

## COUNT II - FAILURE TO COMPLY WITH FOIA - MARCH 5 REQUEST

35.     Plaintiffs incorporate each of the foregoing paragraphs of this Complaint.

36.     Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiffs have a statutory right to access requested agency records.

37.     HHS has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) for the March 5 Request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment for Plaintiffs and award the following relief:

a.      Order Defendant, by a date certain, to conduct a search that is reasonably likely to

        lead to the discovery of any and all records responsive to Plaintiffs' January 26

        and March 5 Requests;

b.      Order Defendant, by a date certain, to demonstrate that it has conducted an

        adequate search;

c.      Order Defendant, by a date certain, to produce to Plaintiffs any and all non-

        exempt records or portions of records responsive to Plaintiffs' January 26 and

        March 5 Requests, as well as a *Vaughn* index of any records or portions of records

        withheld due to a claim of exemption;

d.      Enjoin Defendant from withholding the requested records;

e.      Award Plaintiffs its costs and attorney's fees reasonably incurred in this action,

        pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.      Grant Plaintiffs such other and further relief as the Court may deem just and

        proper.


July 19, 2018                                  Respectfully submitted,


                                               */s/ William R. McAuliffe*
                                               William McAuliffe (D.C. Bar No. 1024136)
                                               Covington & Burling LLP
                                               One CityCenter
                                               850 Tenth Street NW
                                               Washington, DC 20001
                                               (202) 662-5717
                                               wmcauliffe@cov.com

                                               ATTORNEY FOR PLAINTIFFS


8