UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR REPRODUCTIVE RIGHTS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 18-CV-1688 (BAH) |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Defendant. | ) ) ) | |

## ANSWER

Defendant United States Department of Health and Human Services ("HHS") hereby answers Plaintiffs' complaint (the "Complaint"), ECF No. 1, as follows:

The first unnumbered paragraph contains Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, Defendant denies.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second unnumbered paragraph of the Complaint regarding Plaintiffs' motivation for seeking the requested information and Plaintiffs' concerns.  The remainder of the second unnumbered paragraph consists of Plaintiffs' characterization of this action, to which no response is required; to the extent a response is required, Defendant denies.

## PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.      Defendant admits that it is a federal agency and that its headquarters is located at 200 Independence Avenue, S.W., Washington, D.C 20201.  The remainder of Paragraph 3 consists of Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies.

<u>JURISDICTION AND VENUE</u>

4.      Paragraph 4 contains Plaintiffs' conclusions of law, to which no response is required.

5.      Paragraph 5 contains Plaintiffs' conclusions of law, to which no response is required.

6.      Paragraph 6 contains Plaintiffs' conclusions of law, to which no response is required.

<u>STATEMENT OF FACTS</u>

7.      Paragraph 7 contains Plaintiffs' characterization of a case, to which no response is required.  That case speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that case for a full and accurate statement of its contents.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to why Plaintiffs made these Freedom of Information Act ("FOIA") requests and Plaintiffs' shared mission.  Defendant admits it received two FOIA requests from Plaintiffs.

A.      **JANUARY 26, 2018 FOIA REQUEST**

9.      Defendant admits that it received a FOIA request from Plaintiffs dated January 26, 2018 (the "January 26 Request").  The remainder of the allegations in Paragraph 9 consist of Plaintiffs' characterization of that request, to which no response is required.  That FOIA request

2

speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that FOIA request for a full and accurate statement of its contents.

10.     Admitted.

11.     Defendant admits that the Center for Reproductive Rights (the "Center") contacted HHS to inquire about the status of the January 26 Request and that HHS provided the tracking number reflected in Paragraph 11 of the Complaint.  Defendant further admits that it received an email from the Center on February 21, 2018.  The remainder of the allegations in Paragraph 11 consist of Plaintiffs' characterization of the February 21, 2018, email, to which no response is required.  That email speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

12.     Defendant admits that it responded to the Center's email on February 22, 2018. The remainder of the allegations in Paragraph 12 consist of Plaintiffs' characterization of the February 22, 2018, email, to which no response is required.  That email speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

13.     Defendant admits that it acknowledged the January 26 Request via letter on February 22, 2018.  The remainder of the allegations in Paragraph 13 consist of Plaintiffs' characterization of the February 22, 2018, acknowledgement letter, to which no response is required.  That acknowledgement letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

14.     Paragraph 14 contains Plaintiffs' further characterization of the February 22, 2018, acknowledgement letter, to which no response is required.  That acknowledgement letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

15.     Admitted.

16.     Defendant admits that it received an email from the Center dated March 15, 2018. The remainder of the allegations in Paragraph 16 consist of Plaintiffs' characterization of the March 15, 2018, email, to which no response is required.  That email speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

17.     Defendant admits the allegations in the first two sentences of Paragraph 17. Defendant further admits that it received an email from the Center dated March 20, 2018.  The remainder of the allegations in Paragraph 17 consist of Plaintiffs' characterization of the Center's email dated March 20, 2018, to which no response is required.  That email speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

18.     Defendant admits the allegations in the first sentence of Paragraph 18.  Defendant further admits that it sent an email to the Center dated April 19, 2018.  The remainder of the allegations in Paragraph 18 consist of Plaintiffs' characterization of the email dated April 19, 2018, to which no response is required.  That email speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

### B.    MARCH 5, 2018 FOIA REQUEST

19.    Defendant admits that it received from Plaintiffs a FOIA request dated March 5, 2018 (the "March 5 Request").  The remainder of the allegations in Paragraph 19 consist of Plaintiffs' characterization of the March 5 Request, to which no response is required.  That FOIA request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that FOIA request for a full and accurate statement of its contents.

20.    Admitted.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, except admits that HHS received the January 26 Request on January 29, 2018.

22.    Paragraph 22 contains Plaintiffs' characterization of the March 5 Request, to which no response is required.  That FOIA request speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that FOIA request for a full and accurate statement of its contents.

23.    Defendant admits that it acknowledged the March 5 Request via letter dated March 6, 2018.  The remainder of the allegations in Paragraph 23 consist of Plaintiffs' characterization of the March 6, 2018, acknowledgement letter, to which no response is required.  That acknowledgement letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

24.    The allegations in Paragraph 24 contain Plaintiffs' characterization of the March 6, 2018, acknowledgement letter, to which no response is required.  That acknowledgement letter speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

25.    Admitted.

26.    Defendant admits the allegations in the first sentence of Paragraph 26.  Defendant further admits that it received an email from the Center dated May 23, 2018.  The remainder of the allegations in Paragraph 26 consist of Plaintiffs' characterization of the email dated May 23, 2018, to which no response is required.  That email speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

27.     Defendant admits that it sent the Center an email dated May 30, 2018.  The remainder of the allegations in Paragraph 27 consist of Plaintiffs' characterization of the email dated May 30, 2018, to which no response is required.  That email speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

### C.    HHS' ALLEGED FAILURE TO RESPOND

28.    Paragraph 28 contains Plaintiffs' characterization of the FOIA and conclusion of law, to which no response is required.  The FOIA speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the FOIA for a full and accurate statement of its contents.

29.    Paragraph 29 contains Plaintiffs' characterization of the FOIA and conclusion of law, to which no response is required.  The FOIA speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the FOIA for a full and accurate statement of its contents.

30.    Admitted.

31.     Paragraph 31 contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies.

## **ALLEGED COUNT I**

32.     Defendant repeats and realleges each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

33.     Paragraph 33 contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies.

34.     Paragraph 34 contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies.

## **ALLEGED COUNT II**

35.     Defendant repeats and realleges each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

36.     Paragraph 36 contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies.

37.     Paragraph 37 contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies.

The remaining paragraph of the Complaint consists of Plaintiff's prayer for relief, to which no response is required.  Defendant denies that Plaintiff is entitled to the relief requested.

\*\*\*

Defendant hereby denies each and every allegation in the Complaint not expressly admitted or qualified above.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation.

### First Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent that they exceed the relief authorized under FOIA.  *See* 5 U.S.C. § 552.

### Second Affirmative Defense

The FOIA requests that are the subject of this lawsuit seek the production of certain information that is protected from disclosure by one or more statutory exemptions.  Disclosure of such information is not required or permitted.  *See* 5 U.S.C. § 552(b).

Wherefore, Defendant prays that this Court dismiss the Complaint with prejudice, at Plaintiffs' cost, and that the Court grant such other and further relief as the Court deems just and proper.

Dated:  August 29, 2018

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/ Marsha W. Yee
MARSHA W. YEE
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2539
Email:  Marsha.Yee@usdoj.gov

*Counsel for Defendant*